UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL DELIVERANCE TEMPLE OF REFUGE, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-4162 |
| SCOTTSDALE INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Emmanuel Deliverance Temple of Refuge, Inc.'s ("Emmanuel") Motion to Remand, as well as Defendant Scottsdale Insurance Company's ("Scottsdale") response. (Docs. 7 and 8, respectively.) Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case. Plaintiff alleges that its church building at 4718 Littlecrest Road in Houston, Texas, sustained damage as a result of Hurricane Ike on September 13, 2008. (Doc. 1-5 at 3.) Emmanuel's church building was covered by an insurance policy (the "Policy") issued by Defendant Scottsdale. (*Id.*) After the hurricane, Plaintiff submitted its claim to Scottsdale for damage to its building and business personal property. (*Id.*) Scottsdale hired Defendant Wardlaw Claims Services, LLP ("Wardlaw") to adjust the claim, which in turn assigned Defendants Jack King ("King") and Mike McCormack ("McCormack") as the individual adjusters. (*Id.* at 4.) Plaintiff alleges that "despite every attempt . . . to comply with the requirements of the Policy, Defendant Scottsdale has failed to pay Plaintiff [Emmanuel] all

of the benefits owed under the terms of the Policy . . . ." (*Id.*)

On September 10, 2010, Plaintiff Emmanuel filed its Original Petition in the 113th Judicial District Court of Harris County, Texas, asserting claims for breach of contract and violations of the Texas Insurance Code. (*Id.* at 5–11.) On October 27, 2010, Defendant Scottsdale removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1 at 1.) Plaintiff now moves for remand to state court. (Doc. 7.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved

against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III.  Discussion

Plaintiff Emmanuel first argues that Scottsdale's removal was improper because it failed to obtain the consent of its codefendants. (Doc. 7 at 5.) However, Scottsdale's Notice of Removal states its codefendants "agree to the removal." (Doc. 1 at 2.)

Plaintiff Emmanuel next argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Scottsdale, however, contends that Emmanuel improperly joined Defendants Wardlaw, King, and McCormack to defeat diversity. The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent joinder is a heavy one[.]" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A reasonable basis

for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461–62 (5th Cir. 2003).

When evaluating the plaintiff's possibility of recovering against the in-state defendants, the Court may conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; s*ee Guillory*, 434 F.3d at 309. The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory*, 434 F.3d at 308–09; *B., Inc. v. Miller Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The question here is whether there is a "reasonable basis for the district court to predict that the plaintiff might be able to recover against" Wardlaw, King, or McCormack, the in-state defendants. *Smallwood*, 385 F.3d at 573. Scottsdale urges that Emmanuel cannot recover from the in-state defendants because it fails to plead any facts as to Defendants Wardlaw, King, or McCormack, other than that they were the adjusters for its claim:

> Defendant SCOTTSDALE assigned Defendant WARDLAW to adjust the claim. Defendant WARDLAW then assigned Defendant JACK KING and Defendant MIKE MCCORMACK as the individual adjusters.

(Doc. 1-5 at 4.)

Plaintiff Emmanuel maintains it alleges facts against Wardlaw, King, and McCormack

"sufficient to support a cause of action against them for violations of the Texas Insurance Code."

(Doc. 7 at 12.)  Specifically, Emmanuel points to the following paragraph of its Original Petition:

> After having received notice of Plaintiff's losses clearly covered by the parties' contract of insurance, Defendants WARDLAW, JACK KING, and MIKE MCCORMACK engaged in unfair settlement practices as enumerated and defined as unfair or deceptive in *Tex. Ins. Code § 541.060(a) (*and *§ 17.50(a)(4)* of the *Texas Business and Commerce Code*), including the following and as may otherwise be shown at trial:
> a. Misrepresenting material facts or the policy provisions relating to coverage of the insurance contract made the basis of this suit;
> b. Failing to conduct a reasonable investigation of the matter;

(Doc. 1-5 at 10–11.)

While Emmanuel is generally correct that, under the Texas Insurance Code, adjusters can be held individually liable for their actions, its petition fails to plead any facts supporting its causes of action.  The petition fails to allege any particular instance when Wardlaw, King, or McCormack subjected themselves to liability separate and apart from Scottsdale.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Emmanuel Deliverance Temple of Refuge, Inc.'s Motion to Remand (Doc. 7) is **DENIED**.

Defendants Wardlaw Claims Service, LLP, Jack King, and Mike McCormack are **DISMISSED**.

SIGNED at Houston, Texas, this 18th day of July, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE